UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

BYRON HARRIS,                                  :
                                               :     Case No. 1:20-cv-02029
                    Plaintiff,                 :
                                               :
vs.                                            :     OPINION & ORDER
                                               :     [Resolving Doc. 15]
CORRECTIONAL OFFICER                           :
KAMP,[1] et al.,                               :
                                               :
                    Defendants.                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Byron Harris sues correctional officers, a warden, and the Ohio Department

of Rehabilitation and Corrections (ODRC) under 42 U.S.C. § 1983 for Eighth and

Fourteenth Amendment violations.  Harris alleges that Defendants denied him a bathroom

break for 90 minutes, subjected him to inadequate grievance procedures, and retaliated

against him for filing grievances.  Plaintiff also brings a negligence claim for failure to train

and supervise.[2]  Defendants filed a motion to dismiss for failure to state a claim.[3]

For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

I.   Background

Assuming Plaintiff Harris's allegations are true,[4] Defendant Correctional Officers

mistreated him in multiple ways.  Defendants Camp and Storer handcuffed Plaintiff tightly

and refused to loosen the cuffs.[5]  While Harris was restrained, he experienced panic attack

symptoms.  Defendant Camp denied the request to speak with his mental health liaison.

---

[1] The Complaint misspells the names of Defendants Camp and Storer.  Doc. 15 at 1.
[2] Doc. 6.
[3] Doc. 15.
[4] See *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[5] Doc. 6 at ¶ 17.

Case No. 1:20-cv-02029
Gwin, J.

Defendant Camp also refused his requests for a bathroom break for 90 minutes, causing

Plaintiff to soil himself.[6]  Defendant Camp then verbally mocked Plaintiff as he took him to

clean up.[7]  Another correctional officer, Defendant Reed, called Plaintiff "pissy pants."[8]

According to Harris's complaint, Plaintiff Harris filed "kites, informals and

grievances" against Defendants Camp and Storer.[9]  He alleges that Defendant Correctional

Officers Hannen, Heydinger, and John Does 1-5 retaliated through "unfounded disciplinary

reports" and write-ups.[10]

Plaintiff sued Defendant Correctional Officers Camp, Hannen, Heydinger, Storer

and Reed, along with Warden Shelden and five unnamed officials, under § 1983.  Plaintiff

claimed Eighth and Fourteenth Amendment violations.[11]  Harris also brought a negligence

claim against Warden Shelden, the five officials, and ODRC for failure to adequately train

and supervise correctional officers.[12]  Plaintiff sought $75,000 in compensatory and

statutory damages and attorney's fees for each of his § 1983 claims, and $70,000 for his

negligence claim.[13]

Defendants moved to dismiss the complaint.[14]

## II.    Discussion

---

[6] *Id.* at ¶¶ 20-21.
[7] *Id.* at ¶ 22.
[8] *Id.* at ¶ 25.
[9] *Id.* at ¶ 24.
[10] *Id.*
[11] *Id.* at ¶¶ 29, 46.
[12] *Id.* at ¶ 61.
[13] *Id.* at 12.
[14] Doc. 15.

Case No. 1:20-cv-02029
Gwin, J.

### a. Motion to Dismiss Standard

Defendant moves to dismiss for failure to state a claim upon which relief can be granted.[15]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16]  Plaintiff's alleged facts must plausibly support his legal claim.  When ruling on a 12(b)(6) motion, the court considers the facts in the light most favorable to the non-moving party.[17]

### b. Plaintiff's Claims Against a State Agency and State Officials

The Eleventh Amendment protects states, including state agencies, from liability in federal lawsuits.[18]  Plaintiff sues ODRC, a state agency.  The Eleventh Amendment stops federal courts from deciding claims against state agencies.

The Eleventh Amendment also bars suits for money damages against state officials in their official capacity.[19]  Plaintiff sues state employees in their official capacities for money damages.  The Eleventh Amendment bars all of Plaintiff's official capacity claims.

### c. Plaintiff's § 1983 Claims Against Supervisors

Plaintiff Harris can only demonstrate Defendants' individual liability by showing Defendants were personally involved in unconstitutional behavior.[20]  To impose supervisory liability, "a § 1983 plaintiff must show that a supervisory official at least

---

[15] Fed. R. Civ. Pro. 12(b)(6).
[16] Republic Bank & Tr. Co. v. Bear Stearns & Co., 683 F.3d 239, 247 (6th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).
[17] Id. at 246.
[18] Boler v. Earley, 865 F.3d 391, 409-10 (6th Cir. 2017).
[19] Id.
[20] Rizzo v. Goode, 423 U.S. 362, 372-73 (1976); see also Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior").

-3-

Case No. 1:20-cv-02029
Gwin, J.

implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct

of the offending subordinate."[21]

Plaintiff Harris claims that Warden Shelden and the five unnamed officers are liable

as supervisors.  But he does not plead any allegations that they had knowledge of,

approved, or acquiesced in the correctional officers' misconduct.  These claims cannot

survive because Harris does not plead any supervisor personal involvement.

### d.  Plaintiff's Eighth Amendment Claim for Denial of a Bathroom Break

The remaining claims are against the named correctional officers personally

involved in the bathroom denial and grievance incidents.  To state a § 1983 claim against

these government officials, Plaintiff Harris must plead that they violated "clearly established

statutory or constitutional rights of which a reasonable person would have known."[22]

Qualified immunity protects the correctional officers from liability unless (1) they violated a

constitutional right, and (2) "the right was 'clearly established' at the time of the events."[23]

To determine whether a plaintiff states an Eighth Amendment violation, the Court

employs the framework the Supreme Court described in *Wilson v. Seiter*.[24]

Under this *Seiter* framework, a plaintiff must plead facts establishing an objective

and a subjective element.[25]  For the objective element, the plaintiff must first plead facts

establishing that a sufficiently serious deprivation has occurred, as measured by

---

[21] *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

[22] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[23] *Godawa v. Byrd*, 798 F.3d 457, 463 (6th Cir. 2015) (quoting *Cass v. City of Dayton*, 770 F.3d 368, 374 (6th Cir. 2014)).

[24] 501 U.S. 294, 298-300 (1991).

[25] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Case No. 1:20-cv-02029
Gwin, J.

"contemporary standards of decency."[26]  In a conditions-of-confinement claim like this one, a plaintiff meets the objective standard by showing that prison officials denied "the minimal civilized measure of life's necessities."[27]

For the subjective element, plaintiffs must plead that prison officials acted with deliberate indifference.[28]  To meet this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[29]

Plaintiff Harris alleges that the correctional officers violated the Eighth Amendment by denying him a bathroom break for 90 minutes.  In the Sixth Circuit, bathroom break denial violates the Eighth Amendment when inmates are denied access for an "extended period" of time.[30]  Denying an inmate a bathroom break for a six- to seven-hour period violates the Eighth Amendment under this standard.[31]  By contrast, in a different case, the Sixth Circuit did not find prison official liability when the officials denied bathroom access for one hour and twenty minutes.[32]

Here, Plaintiff Harris was denied a bathroom break for one hour and thirty minutes.[33]  This does not qualify as an "extended period of time" under Sixth Circuit precedent.  It is closer to the hour and twenty-minute denial for which the Sixth Circuit declined to impose liability than to the six-hour denial that is a clearly established

---

[26] *Hudson v. McMilian,* 503 U.S. 1, 8 (1992).
[27] *Berkshire v. Dahl,* 928 F.3d 520, 537 (6th Cir. 2019)
[28] *Id.*
[29] *Id.* at 535 (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).
[30] *Barker v. Goodrich,* 649 F.3d 428, 434-36 (6th Cir. 2011).
[31] *Berkshire,* 928 F.3d at 537-38.
[32] *Robinson v. Kandulski,* 19-1221, 2019 WL 8165865, at *6 (6th Cir. Dec. 6, 2019), *reh'g denied* (Mar. 4, 2020).
[33] Doc. 6 at ¶ 21.

Case No. 1:20-cv-02029
Gwin, J.

constitutional violation.  Because it falls short of the required time period, Harris's claim

does not plead sufficient facts for the objective element of an Eighth Amendment violation.

Even if Plaintiff had pled the objective element, his claim would fall short of

sufficiently alleging the subjective element.  Harris alleges that officers ignored him while

he repeatedly asked for a bathroom break.[34]  While this may be negligence, it does not

show that Officer Camp was "aware of facts from which the inference could be drawn that

a substantial risk of serious harm exists," and "also [drew] the inference."[35]

To state a § 1983 claim against Officer Camp, Plaintiff Harris would need to

sufficiently plead that Camp violated an Eighth Amendment right clearly established in

August 2020.  To be clearly established, "existing precedent must have placed the statutory

or constitutional question beyond debate."[36]  Harris cannot make that showing here

because a recent Sixth Circuit case held that denying a bathroom break for a similar time

period did not violate a clearly established right.[37]

### e.  Plaintiff's Other Eighth Amendment Allegations

Plaintiff also alleges that correctional officers violated the Eighth Amendment by

denying him access to his mental health liaison while he was experiencing panic attack

symptoms.  These allegations do not rise to the level of a constitutional violation.

For denial of medical care, the objective element is met where "the seriousness of a

prisoner's needs for medical care is obvious even to a lay person."[38]  Psychological needs

---

[34] *Id.* at ¶ 20-21.
[35] *Berkshire*, 928 F.3d at 535 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).
[36] *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).
[37] *Robinson*, 2019 WL 8165865, at *6.
[38] *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).

Case No. 1:20-cv-02029
Gwin, J.

can rise to this level, particularly those that involve suicidal thoughts.[39]  To meet the

subjective element, plaintiffs must plead allegations suggesting "deliberateness tantamount

to intent to punish," rather than "mere negligence."[40]

Plaintiff Harris's allegations fall short.  Other courts have held that allegations of

denied treatment for panic attacks, without more information, fail to state a claim.[41]  Even if

the denial were serious enough to meet the objective standard, Harris does not plead any

allegations that suggest deliberateness instead of negligence.

Plaintiff's verbal harassment allegations also fail to state a plausible claim for an

Eighth Amendment violation.  In the Sixth Circuit, "harassment and verbal abuse . . . do not

constitute the type of infliction of pain that the Eighth Amendment prohibits."[42]

### f.  Plaintiff's First Amendment Retaliation Claim

Plaintiff alleges that prison officials retaliated against him for filing a grievance

through baseless write-ups.  To state a First Amendment retaliation claim, Plaintiff Harris

must plead that (1) he engaged in protected conduct; (2) Defendants took an adverse action

that "would deter a person of ordinary firmness from continuing to engage" in that

protected conduct; and (3) there was a causal link, meaning that "the adverse action was

motivated at least in part by the plaintiff's protected conduct."[43]

---

[39] _Horn by Parks v. Madison County Fiscal Ct._, 22 F.3d 653, 660 (6th Cir. 1994).
[40] _Id._
[41] _See, e.g._, _Lee v. Corizon Health_, 20-1216-JDT-CGC, 2020 WL 5797920, at *3 (W.D. Tenn. Sept. 28, 2020); _Jackson v. Williams_, 10-CV-14985, 2012 WL 3597187, at *8 (E.D. Mich. Aug. 20, 2012).
[42] _Johnson v. Unknown Dellatifa_, 357 F.3d 539, 546 (6th Cir. 2004).
[43] _Thaddeus-X v. Blatter_, 175 F.3d 378, 394 (6th Cir. 1999).

Case No. 1:20-cv-02029
Gwin, J.

Plaintiff Harris's retaliation claim fails to state a claim on the third element: causation.

Harris sufficiently pleads the first element, protected conduct, because filing a grievance is constitutionally protected.[44]  Harris also states facts supporting a plausible inference of the second element, adverse action.  Disciplinary tickets can qualify as adverse actions if the consequences from those tickets are significant enough to deter a person of ordinary firmness from filing a grievance.[45]

Plaintiff Harris's retaliation claim fails on the third element because he does not plead a causal link between his grievances and the disciplinary tickets.  "[C]onclusory allegations of retaliatory motive 'unsupported by material facts'" are insufficient to state a § 1983 retaliation claim.[46]  At the pleading stage, a plaintiff's retaliation claim can survive with some facts allowing a reasonable inference, such as a "chronology of events" suggesting "retaliatory animus."[47]  Here, however, Harris does not offer any facts linking the write-ups to his grievances.  The officers involved in the grieved incident are different from the officers involved in the write-ups.  He offers no chronology, and no facts supporting his allegation that the reports were "unfounded."[48]  Without any facts from which the Court can infer a causal link, the retaliation allegations fail to state a claim.

### g.  Plaintiff's Fourteenth Amendment Claims

[44] *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).
[45] *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007).
[46] *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).
[47] *Manning v. Bolden*, 25 Fed. Appx. 269, at *2 (6th Cir. 2001) (unpublished).
[48] Doc. 6 at ¶ 24.

Case No. 1:20-cv-02029
Gwin, J.

Plaintiff Harris also alleges that the prison grievance procedure violated his Fourteenth Amendment due process rights.  "There is no constitutional right to an effective grievance procedure."[49]  "Prison officials may not be held liable for denying grievances."[50]  In addition, responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability for a prison official under § 1983.[51]

The nature of Plaintiff's allegations about the grievance procedure is unclear.  He alleges that he filed "kites, informals, and grievances" and experienced retaliation as a result, but also alleges that prison officials caused him to miss deadlines for filing kites, informals, and grievances.[52]  The Court assumes the truth of Plaintiff's allegations by assuming that he filed some grievances but was unable to file others.  Yet Plaintiff offers no facts about the delays or prison officials' involvement in those delays.  His allegations do not support a plausible claim for relief under the Fourteenth Amendment.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: September 8, 2021                  s/      *James S. Gwin*

                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[49] *Williams v. Washington*, 20-1125, 2020 WL 4592924, at *2 (6th Cir. Aug. 4, 2020).
[50] *Id.*
[51] *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).
[52] Doc. 6 at ¶¶ 24, 57.